UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MASON FARRELL, et al.,

    Plaintiffs,

v.

HILLSDALE COLLEGE INC., et al.,

    Defendants.

_____/

CASE No. 1:23-CV-1287

HON. ROBERT J. JONKER

## ORDER TO SHOW CAUSE

This civil matter was filed on December 7, 2023.  The complaint alleges that this Court has jurisdiction under 28 U.S.C. § 1332.  A party invoking this Court's diversity jurisdiction must state all parties' citizenship so that the court may confirm the existence of complete diversity.  *Vaughn v. Holiday Inn Cleveland Coliseum*, 66 F. App'x 249, 250 (6th Cir. 2003) (citing *Chemical Leaman Tank Lines, Inc. v. Aetna Cas. & Sur. Co.*, 177 F.3d 210, 222 n.13 (3d Cir. 1999)).  The citizenship of a corporation is both its place of information and its principal place of business.  28 U.S.C. § 1332(c)(1).  The citizenship of a limited liability company, limited partnership or other unincorporated entity is the citizenship of each of its members.  *Carden v. Arkoa Assocs.*, 494 U.S. 185, 189 (1990); *V&M Star, LP v. Centimark Corp.*, 596 F.3d 354, 355 (6th Cir. 2010) ("'[F]or purposes of determining diversity jurisdiction, a limited partnership is deemed to be a citizen of every state where its general *and* limited partners reside.'" (quoting *Hooper v. Wolfe*, 396 F.3d 744, 748 (6th Cir. 2005))); *Homfeld II, LLC v. Comair Holdings, Inc.*, 53 F. App'x 731, 732 (6th Cir. 2002) (citing *Cosgrove v. Bartolotta*, 150 F.3d 729, 731 (7th Cir. 1998)); *Int'l Flavors & Textures, LLC v. Gardner*, 966 F. Supp. 552, 554-55 (W.D. Mich. 1997).

The Complaint does not allege the citizenship of the parties consistent with these rules. In particular, the Complaint alleges only a "primary" place of business with respect to the defendant corporation, Hillsdale College, and says nothing about its place of incorporation. Furthermore, the Complaint names a number of "affiliate-sender" defendants. Two of these entities ("Pop Acta" and O2M Digital") are alleged to be organized as LLCs. The remaining named defendants are alleged to be business entities "of unknown organization." None of the affiliate-sender defendants have their citizenship properly pled. For one thing, Plaintiffs have failed to allege the citizenship of the members of the LLC defendants. And with respect to the other affiliate-sender defendants, Plaintiffs are even less specific. Plaintiffs merely describe these defendants' structure as "unknown." This is not enough to satisfy Plaintiffs' burden of demonstrating diversity of citizenship exists. *See Moss v. Infinity Ins. Co.*, No. 15-CV-03456-JSC, 2015 WL 6095254, at *5 (N.D. Cal. Oct. 16, 2015) (allegations of business defendants with "unknown legal origin and form" insufficient to establish diversity of citizenship). Indeed, "[a]bsent unusual circumstances, a party seeking to invoke diversity jurisdiction should be able to allege affirmatively the actual citizenship of the relevant parties." *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001) (citing *Whitmire v. Victus Ltd. t/a Master Design Furniture,* 212 F.3d 885, 887 (5th Cir. 2000) and 5 C.A. Wright & A. Miller, *Federal Practice and Procedure* § 1208 at 101 (2d ed. 1990)).[1]

---

[1] Plaintiffs also name a number (indeed, hundreds) of John Does defendants. Rule 10(a) of the Federal Rules of Civil Procedure requires the plaintiff to include the names of the parties in the action. "John Doe defendants are ordinarily forbidden in federal diversity suits." *Pain Ctr. of SE Indiana LLC v. Origin Healthcare Sols. LLC*, 893 F.3d 454, 458 (7th Cir. 2018). "An exception applies when the John Does are nominal parties—nothing more than placeholders 'in the even that during discovery [the plaintiff] identifie[s] any additional defendants he wishe[s] to add to the suit." *Id.* at 459 (quoting *Moore v. Gen. Motors Pension Plans*, 91 F.3d 848, 850 (7th Cir. 1996))' *see also Dunn v. Paducah Int'l Raceway*, 599 F. Supp. 612, 612 n.1 (W.D. Ky. 1984) ("Accordingly, until an amendment adding additional defendants has been permitted by the court,

Finally, the Court discerns another possible pleading defect regarding a separate threshold jurisdictional issue, that being Article III standing.  The Complaint itself states that the California statute at issue, Section 17529.5 "does not require Plaintiffs to allege, suffer, or quantify any actual damages; allege or prove reliance on the advertisements contained in the spams; visit Hillsdale's website; or purchase Hillsdale's DVDs or enroll in its online courses."  (Compl. ¶ 79, ECF No. 1, PageID.19).  And so Plaintiffs allege no such injury.  Yet the Supreme Court has made clear that "a plaintiff does not automatically satisfy [Article III standing's] injury-in-fact requirement whenever a statute grants a right and purports to authorize a suit to vindicate it." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 331 (2016); *see also TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2205, 210 L. Ed. 2d 568 (2021) ("[A]n injury in law is not an injury in fact.").  The Complaint alleges only that Plaintiffs received emails from Defendants that are alleged to violate California's Section 17529.5.  After *Spokeo* and *TransUnion LLC*, the Court questions whether this is enough.[2]

Given the above, the Court's jurisdiction is called into question.

**ACCORDINGLY, IT IS ORDERED** that Plaintiff show cause not later than **JANUARY 9, 2024,** as to why the Court should not dismiss the case for lack of subject matter jurisdiction.  In the meantime, all normal rules and procedures remain in place.

Dated:   December 12, 2023            /s/ Robert J. Jonker
                                      ROBERT J. JONKER
                                      UNITED STATES DISTRICT JUDGE

---

the John Doe allegations are merely "surplusage," and do not affect diversity jurisdiction.").  That being the case here, the Court views the presence of the John Doe defendants as nominal defendants that do not, standing on their own, defeat diversity jurisdiction.

[2] The Court acknowledges a court in California has found that a Plaintiff alleging a Section 17529.5 violation had demonstrated Article III standing.  *See Diaz v. One Techs.*, LLC, No. CV 21-8571-GW-AGRX, 2022 WL 72283 (C.D. Cal. Jan. 6, 2022).  The decision is not binding on this Court, however, and while the decision briefly cites *TransUnion* it appears, in the main, to apply Ninth Circuit caselaw predating the *TransUnion* decision.